D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

DARYL GRICE,

    Defendant.
----------------------------------------------X

FEUERSTEIN, J.

**ORDER**
07-cr-0516-7 (SJF)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ APR 23 2012 ★
LONG ISLAND OFFICE

On April 23, 2008, defendant Daryl Grice ("Grice") entered a plea of guilty to a lesser included offense of Count One of the Superseding Indictment, charging him with conspiracy to distribute and to possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Docket Entry Nos. 193, 308. Grice was held responsible for between one hundred twenty five (125) and one hundred fifty (150) grams of cocaine base. Docket Entry No. 469 at 1 (citing Presentence Investigation Report ["PSR"] at ¶ 8). On February 4, 2009, the Court sentenced Grice to a term of seventy-eight (78) months' imprisonment, to be followed by a four (4)-year term of supervised release. Docket Entry No. 308. According to the government's review of the Bureau of Prisons website, Grice's projected date of release is July 9, 2012. Docket Entry No. 469 at 2.

Before the Court is Grice's motion for a modification of his sentence pursuant to 18 U.S.C. § 3582(c), in light of amendments to the United States Sentencing Guidelines. Docket Entry No. 461. The government acknowledges that defendant is eligible for a sentence modification, but has not taken a position as to whether a modification would be appropriate in

1

this case. See Docket Entry No. 469 at 1. For the reasons that follow, Grice's motion for a sentence reduction is denied.

I.  Discussion

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." Id.

In evaluating a request for a sentence reduction pursuant to Section 3582(c), the Court must perform a "two-step inquiry." Id. at 2691. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 2692. "The question in [this] context is not what sentence is appropriate, but rather whether the sentence actually imposed should be reduced in light of an intervening retroactive amendment." United States v. Rivera, 662 F.3d 166, 179 (2d Cir. 2011). The Court, however, may not reduce a sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. §

1B1.10(b)(2)(A); see also United States v. Malloy, --- F.Supp.2d ----, 2012 WL 603725, at *4 (N.D.N.Y. Feb. 24, 2012). "[W]hether to deny an otherwise eligible defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) is *discretionary*." United States v. Logan, --- F.Supp.2d ----, 2012 WL 616257, at *20 (E.D.N.Y. Feb. 23, 2012) (emphasis in original) (citing cases).

The government acknowledges that Grice is eligible for a sentence reduction pursuant to Section 3582(c)(2). Under the version of the Sentencing Guidelines in effect at the time of his sentencing, Grice's base offense level was thirty (30). PSR at ¶ 8; Docket Entry No. 469 at 1-2; Docket Entry No. 461 at 1. After receiving a three (3)-level reduction for acceptance of responsibility, Grice's total offense level was twenty-seven (27). PSR at ¶ 65; Docket Entry No. 469 at 2; Docket Entry No. 461 at 1. Given Grice's Criminal History Category of II, his recommended Guidelines range was seventy-eight (78) to ninety-seven (97) months' imprisonment. Transcript of Sentencing Proceedings, February 4, 2009 ("Sent. Tr."), at 3:2-3:14; 10:20-10:25.

Guidelines Amendment 750 has since altered the offense levels in Guidelines Section 2D1.1 applicable to offenses involving crack cocaine. This amendment applies retroactively. See U.S.S.G. § 1B1.10(c). Pursuant to the amendment, Grice's base offense level has been lowered by two (2) levels, to twenty-eight (28). Docket Entry No. 469 at 4-5; U.S.S.G. § 2D1.1(c)(6). After reducing the base offense level three (3) additional levels for acceptance of responsibility, Grice's total offense level is now twenty-five (25). Docket Entry No. 469 at 5; Docket Entry No. 461 at 1. Given Grice's Criminal History Category of II, his recommended

3

Guidelines range is now sixty-three (63) to seventy-eight (78) months' imprisonment.[1]

The Court has carefully considered all of the Section 3553(a) factors, as well as the PSR, the materials associated with plaintiff's sentencing, and the parties' submissions. However, I find that a sentence reduction is not appropriate in this case. The seventy-eight (78) month sentence appropriately reflects the seriousness of the offense, serves the goals of general and specific deterrence, and promotes respect for the law. The applicable factors, considered in their entirety, weigh against any reduction in Grice's sentence. Grice's counsel has not presented any argument that would alter the Court's determination.

The government is correct that Grice has no right to appear before the Court for re-sentencing. Dillon, 130 S.Ct. at 2692; see also Logan, 2012 WL 616257, at *21.

II. Conclusion

For the foregoing reasons, Grice's motion for a modification of his sentence pursuant to Section 3582(c) is denied.

---

[1] The government calculates Grice's recommended Guidelines range to be seventy (70) to eighty-seven (87) months' imprisonment, Docket Entry No. 469 at 5, and defendant's counsel calculates the range to be seventy (70) to ninety-seven (97) months' imprisonment, Docket Entry No. 461 at 1. These calculations are based upon a Criminal History Category of III. However, the parties stipulated at defendant's sentencing that Grice should actually be assigned a Criminal History Category of II. See Sent. Tr. at 3:2-8.

4

**SO ORDERED.**

                                      s/ Sandra J. Feuerstein

                                      _____
                                      Sandra J. Feuerstein
                                      United States District Judge

Dated:        April 23, 2012
               Central Islip, New York